PROB. 12B
(7/93)

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 11 2008

at ___ o'clock and ___ min ___ M.
SUE BEITIA, CLERK

# United States District Court

## for the

### DISTRICT OF HAWAII

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  CHARLES K. HEW-LEN,        Case Number:  CR 01-00099HG-01
                   aka "Phung"

Name of Sentencing Judicial Officer:   The Honorable Helen Gillmor
                                       Chief U.S. District Judge

Date of Original Sentence:  1/24/2003

Original Offense:   Count 1:  Conspiracy to Distribute and Possess With Intent to Distribute in Excess of 50 Grams of Crystal Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, a Class A felony

Original Sentence:  One hundred (100) months imprisonment followed by five (5) years of supervised release with the following special conditions:  1) That the defendant is prohibited from possessing any illegal or dangerous weapons; 2) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; and 3) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Type of Supervision:  Supervised Release       Date Supervision Commenced:  7/13/2007

## PETITIONING THE COURT

[✓]   To modify the conditions of supervision as follows:

**General Condition:**    That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month

         during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

**Special Condition No. 2:** That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

**Special Condition No. 4:** That the defendant provide the Probation Office access to any requested financial information.

## CAUSE

   The offender's term of supervised release commenced on 7/13/2007. Since that time, the offender has found stable, full-time employment as a project manager for a local construction contractor in Waianae. The offender also commenced participation in substance abuse treatment and testing at Hina Mauka - Waipahu on 7/18/2007. He currently resides with his parents in Waianae.

   However, since the start of supervision, the offender has violated the conditions of supervision as follows:

### Violation No. 1 - The Offender Failed to Submit to Drug Testing as Part of His Drug Testing Regimen at Hina Mauka - Waipahu on 7/24/2007, 9/28/2007, and 12/22/2007:

   On 7/25/2007, Hina Mauka - Waipahu (HM-W) informed the offender's prior supervising probation officer, Joyce K.F.K. Lum, that the offender did not report for drug testing on 7/24/2007. Subsequently, Officer Lum contacted the offender on the same date and questioned the offender regarding the violation. The offender related to Officer Lum that he did not know he had drug testing on 7/24/2007. Thereafter, the offender was admonished and instructed to report the following day on 7/26/2007 to provide a urine specimen.

   On 10/1/2007, HM-W informed Officer Lum that the offender did not report for drug testing on 9/28/2007. Thereafter, Officer Lum contacted the offender who reported that he thought he had called the day prior to learn whether he had a drug test on 9/28/2007.

   On 12/22/2007, the offender left this officer a telephone message indicating that he had missed his drug test on 12/22/2007 because it had "slipped [my] mind." Thereafter, this officer contacted the offender to question him regarding the violation. The offender related that he was under stress because of his current employment as a

Case 1:01-cr-00099-HG   Document 610   Filed 02/11/2008   Page 3 of 5

Prob 12B
(7/93)

3

project manager for a contractor, as well as under stress because he purchased a pizza restaurant in San Antonio, Texas. This officer advised the offender that the Court would be notified of his violation. This officer further advised the offender that this officer would need more information regarding his mainland business in the very near future.

On 1/18/2007, this officer telephonically contacted the offender regarding his pizza business in San Antonio, Texas. Specifically, this officer questioned whether he had a business checking or savings account for the business. The offender admitted that he had a mainland account and agreed to submit his statements when received. This officer further advised the offender that in light of his third missed drug test, he will be required to stay in the same testing regimen for an additional 3 months. The offender related that he understood and accepted the correctional sanction.

It is recommended that the Court take no action on the violation at this time. Although the violations are serious, the offender appears amenable to rehabilitation and sincere in his desire to comply with substance abuse treatment and testing. Additionally, continued treatment and testing will allow the offender to remain in the community and to maintain his employment. Consequently, this will allow the offender to assist his father who suffered a stroke on 12/20/2007. Moreover, the modifications will allow this officer to monitor the offender's sobriety once he completes formal substance abuse treatment and testing, as well as allow this officer to monitor the offender's finances and financial dealings regarding his business in Texas.

The offender also understands that continued missed testing sessions will not be tolerated.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release and/or Extend Term of Supervision. The offender waives his right to a hearing and to assistance of counsel. The U.S. Attorney's Office and the offender's counsel have been notified of the proposed modifications and have no objections.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

For  GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 2/4/2008

Prob 12B
(7/93)

4

## THE COURT ORDERS:

[✓] The Modification of Conditions as Noted Above
[ ] Other

_____
HELEN GILLMOR
Chief U.S. District Judge

2-6-08
_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]   To extend the term of supervision for  years, for a total term of  years.
[✓]   To modify the conditions of supervision as follows:

**General Condition:**    That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

**Special Condition No. 1** [2 dk]**:**    That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

**Special Condition No. 4:**    That the defendant provide the Probation Office access to any requested financial information

Witness: _____          Signed: _____
DEREK M. KIM                                                        CHARLES HEW-LEN
Senior U.S. Probation Officer                                  Supervised Releasee

_____
Date